**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANETTE YAKELY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER,<br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | CIVIL ACTION NO. 12-857 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

## I.  INTRODUCTION

The plaintiff, Danette Yakely, seeks review of the final decision of the defendant, Michael J. Astrue, Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB").  (See dkt. entry no. 1, Compl.)  See also 42 U.S.C. § 405(g).  The Court, having carefully reviewed both the administrative record and the parties' arguments, will remand the matter for further proceedings.

## II.  BACKGROUND

Yakely filed a written claim for DIB on April 24, 2008.  The Social Security Administration denied the written claim upon her initial filing, and again upon a request for reconsideration. Yakely thereafter filed a timely request for a hearing ("the First Hearing"), which was granted.

The First Hearing convened on September 30, 2009, before an administrative law judge ("ALJ"). Yakely appeared without counsel. The First Hearing began with the following colloquy:

> ALJ: Did you receive a Hearing Acknowledgment letter to appear today?
> CLMT: Yes.
> ALJ: Do you understand the information contained in that letter concerning representation?
> CLMT: Yes.
> ALJ: It is my understanding that you wish to proceed without a representative. Is that correct?
> CLMT: Yes.
> ALJ: Very well. . . .

(Administrative Record ("Admin. R.") at 29.) The letter referenced by the ALJ states:

> **You May Choose to Have a Person Represent You**
>
> If you want to have a representative, please find one right away. If you get a representative, you should show this notice to that person. You or that person should also call or write this office to give us his or her name, address, and telephone number.

(Id. at 97 (bold typeface in original).)[1]

The ALJ issued a decision on October 19, 2009 ("the First ALJ Decision"), concluding that Yakely (1) was not disabled during the

---

[1] This letter may have included an enclosure entitled "Your Right to Representation". (See Admin. R. at 100, 102-03.) However, because the First Hearing colloquy did not reference that document, the Court cannot determine whether Yakely received, reviewed, or understood the information contained therein.

2

relevant time period and, accordingly, (2) was not entitled to DIB. Yakely timely requested review of the First ALJ Decision by the Social Security Administration Appeals Council ("Appeals Council"). On August 19, 2010, the Appeals Council vacated the First ALJ Decision and remanded the case for a new hearing and decision.[2]

The ALJ presided over the new hearing, which convened on October 25, 2010 ("the Second Hearing"). Yakely again appeared without counsel. The Second Hearing began with a fresh colloquy regarding Yakely's status as a pro se claimant:

> ALJ:  Did you receive the hearing acknowledgment letter to appear here today. [sic]
> CLMT:  Yes, I did.
> ALJ:  Do you understand the information contained in that letter concerning representation?
> CLMT:  Yes, I do.
> ALJ:  It's my understanding that you wish to proceed without a representative, is that correct?
> CLMT:  Yes, it is.
> ALJ:  Very well . . .

(Id. at 41.)  Insofar as the letter referenced by the ALJ at the Second Hearing concerns representation, it is identical to the letter referenced by the ALJ at the First Hearing.[3]

---

[2] The basis for the Appeals Council's actions are not relevant to the resolution of this matter.

[3] This letter, like the earlier letter, may have included an enclosure entitled "Your Right to Representation". (See Admin. R. at 121, 123-24.)  However, for the reasons expressed in n.1, supra, the Court cannot determine whether Yakely received, reviewed, or understood the information contained therein.

The letter referenced by the ALJ at the Second Hearing differs, however, in at least one material respect from the letter referenced by the ALJ at the First Hearing: it states that "[a] vocational expert will testify at your hearing." (Id. at 119.) But the transcript of the Second Hearing reveals that the ALJ did not call or question a vocational expert.

The ALJ issued a new decision on November 5, 2010 ("the Second ALJ Decision"), concluding that Yakely (1) was not disabled during the relevant time period and, accordingly, (2) was not entitled to DIB. Yakely timely requested review of the Second ALJ Decision by the Appeals Council. On September 21, 2011, the Appeals Council denied Yakely's request and affirmed the Second ALJ Decision.

Yakely timely filed the Complaint with the assistance of counsel, seeking judicial review of the Second ALJ Decision. (See Compl.) See also 42 U.S.C. § 405(g); Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007) ("Because the Appeals Council denied review of the ALJ's decision, we review that decision as the final decision of the Commissioner."). It appears that Yakely's attorney is experienced in social security matters.[4]

---

[4] Yakely is represented by Jason Lanell Thompson of the law firm of Leventhal, Sutton & Gornstein. It appears from the Court's independent research that Attorney Thompson is counsel of record in twenty-three social security appeals filed in this district and sixty-six social security appeals filed in the Eastern District of Pennsylvania.

In a letter brief electronically filed on September 12, 2012 pursuant to Local Civil Rule 9.1(d)(1), Yakely sets forth her primary contentions and arguments for relief.  She states, in pertinent part, that the ALJ colloquies regarding representation "[did] not show that [her] waiver of representation was knowing and voluntary, as the ALJ failed to mention, e.g., the availability of representation on a pro bono or contingent fee basis, the importance of an attorney in obtaining evidence to support the claim, etc." (Dkt. entry no. 8, 9-13-12 Letter Br. at 1.)  She also argues that the ALJ failed to properly discharge the "heightened duty" to assist her pro se presentation of a DIB claim.  (Id. at 1-2.)  The United States Attorney's Office for the District of New Jersey, Civil Division, responded on behalf of the Commissioner, noting that it disagreed with those arguments.  (See dkt. entry no. 9, Response to 9-13-12 Letter Br.)

Yakely filed a formal brief on November 16, 2012, pursuant to Local Civil Rule 9.1(e)(1).  (See dkt. entry no. 10, Br. in Supp.)  In that brief, Yakely re-states her contention that the ALJ failed to assist her pro se presentation.  (See id. at 7-11.)  She also argues, that the ALJ: (1) erroneously determined that her insured status lapsed on December 30, 2007; (2) improperly discredited or otherwise disregarded the opinion of her treating physician; and (3) improperly issued the Second ALJ Decision without securing the

testimony of a vocational expert.  (See id. at 6, 11-23; see also dkt. entry no. 12, Reply Br. at 2-5.)  On these grounds, Yakely asks the Court to either reverse the Second ALJ Decision and award her DIB, or vacate the Second ALJ Decision and remand the matter for further administrative proceedings.  (See Compl. at 1; Br. in Supp. at 23.)

The Commissioner has submitted an opposition brief, but that brief is sparse.  (See dkt. entry no. 11, Opp'n Br.)  The statement of the case contained therein merely incorporates Yakely's summary of the procedural history of the action, and the summary of facts set forth in both the First ALJ Decision and the Second ALJ Decision.  Neither that statement of the case nor the other portions of the brief review the remainder of the administrative record.

The Commissioner's brief also provides little by way of meaningful argument.  The brief does not explain the Commissioner's earlier opposition to Yakely's contention that the ALJ failed to procure a knowing and intelligent waiver of counsel.  It also provides little argument in opposition to Yakely's concerns regarding the ALJ's: (1) determination that Yakely's insured status lapsed on December 30, 2007; and (2) failure to solicit or consider testimony from a vocational expert.  (See generally id.)

6

**III. DISCUSSION**

A. **The Record Does Not Demonstrate that Yakely Knowingly and Intelligently Waived Her Right to Counsel**

"Though a claimant does not have a constitutional right to counsel at a social security hearing, she does have a statutory and regulatory right to counsel at such a hearing." Vivaritas v. Comm'r of Soc. Sec., 264 Fed.Appx. 155, 157 (3d Cir. 2008) (citing 42 U.S.C. § 406 and 20 C.F.R. § 404.1705). Accordingly, pro se social security claimants "must be given notice of the right to counsel and can waive this right only by a knowing and intelligent waiver." Id. (citing Smith v. Schweiker, 677 F.2d 826, 828 (11th Cir. 1982)). "A claimant may express a desire at the hearing not to be represented by an attorney, but [her] waiver must establish that [she] was 'properly apprised of [her] options concerning representation' to be effective." Curry v. Barnhart, No. 05-2350, 2006 WL 1192920, at *2 (E.D. Pa. Jan. 25, 2006) (Magistrate Judge Report & Recommendation) (quoting Smith, 677 F.2d at 828), adopted by Dist. Ct., 2006 WL 964103 (Apr. 13, 2006).

In Vivaritas, the Third Circuit Court of Appeals ("the Third Circuit") examined a pro se claimant's waiver of the right to representation to determine whether such waiver was knowing and intelligent. In that case, the ALJ began the administrative hearing by acknowledging the claimant's pro se status and explicitly informing her that she had "the right to have a

representative", though she was "not required to have one."  Id. at 158 (citation to record omitted).  The ALJ then attempted to confirm that the claimant fully understood her rights by engaging in the following exchange:

> ALJ: Let me first explain to you what a representative could do for you.  A representative could help you to gather medical records and other documents in support of your case.  A representative could help you to organize your case and could help you to present your case before an Administrative Law Judge.  There may be representatives that do not charge any money.  Have you given any thought to getting a representative?
>
> CLMT: I was—I went to check into legal aide [sic] because I can't afford [sic] and they say—I think they're on Summit or something.  I was looking for it, but I couldn't find it.
>
> ALJ: Okay.  Well, let me explain to you what your options are today.  First, let me tell you that it's perfectly possible to have a fair hearing either with a representative or without a representative.  It's purely a personal choice of yours.  It—so you have two choices today.  You can either choose to proceed today with the hearing without a representative or I could give you an adjournment of 30 days to give you a chance to get a representative.  If you choose to proceed today and if I notice during the hearing that there are any documents that are missing from your record that I need, I can take steps through my office to get those and add them to your file.  Also, if you proceed today and for some reason you are not happy with the [d]ecision that I make, you would be free to appeal that [d]ecision and you could get a representative at that time if you so chose [sic].  So what is your [d]ecision?  Do you want to proceed or do you want to have a chance to get a representative?
>
> CLMT: Well, I'm going to proceed.

>            ALJ: You want to proceed today?
>
>            CLMT: Yeah.

Id. at 158-59 (citations to record omitted).  The Third Circuit explained that the quoted ALJ colloquy would ordinarily "be sufficient to establish that a claimant waiving her right to counsel during an ALJ hearing acted knowingly and intelligently."  Id. at 159.[5]

The United States District Court for the Eastern District of Pennsylvania similarly found that an ALJ failed to elicit a knowing and intelligent waiver of counsel in Curry.  That court held that a claimant's waiver of counsel was not knowing and intelligent where the ALJ did not, among other things, "explain the importance of having an attorney present" or "offer to re-convene the hearing when [the claimant] had secured the services of an attorney".  2006 WL 1192920, at *3.  That court noted that "[t]he ALJ's apparent quest for expediency can never override a claimant's right to counsel."  Id.

The decisions in Vivaritas and Curry accord with the interpretation of "knowing and intelligent waiver" propounded by the Seventh Circuit Court of Appeals ("the Seventh Circuit"), which

---

[5] The Third Circuit ultimately concluded that the claimant in that action did not knowingly and intelligently waive her right to counsel because she suffered from a mental disorder.  See Vivaritas, 264 Fed.Appx. at 159-61.

9

has stated that "[t]o ensure valid waivers, ALJs must explain to pro se claimants (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." Skinner v. Astrue, 478 F.3d 836, 841 (7th Cir. 2007) (citation omitted) (internal quotation marks omitted).  The Third Circuit has acknowledged the Seventh Circuit's interpretation of "knowing and intelligent waiver" without explicitly adopting it.  See Vivaritas, 264 Fed.Appx. at 157 n.1; see also Curry, 2006 WL 1192920, at *2 ("Adequate notice of the right to counsel must include the possibility of free counsel and limitations on attorney fees to 25 percent of any eventual award.").

The Court, upon consideration of the foregoing standards and the administrative record developed below, concludes that the ALJ failed to ensure that Yakely knowingly and intelligently waived her right to counsel.  Although the ALJ confirmed that Yakely knew that she could "have a representative" at those hearings, the ALJ failed to confirm that Yakely understand that her "representative" could be an attorney who (1) could meaningfully assist her presentation to the ALJ, and (2) might work on either a pro bono or a contingency fee basis.  (See Admin. R. at 29, 41, 97, 118.)  But cf. Vivaritas, 264 Fed.Appx. at 158-59; Curry, 2006 WL 1192920, at *3.

**B.   It Appears that Yakely Suffered Prejudice Because the ALJ Failed to Solicit Testimony from a Vocational Expert**

"A lack of counsel, itself, is not sufficient cause for remand." Bentley v. Comm'r of Soc. Sec., No. 10-2714, 2011 WL 4594290, at *9 (D.N.J. Sept. 30, 2011); see also Phifer v. Comm'r of Soc. Sec., 84 Fed.Appx. 189, 190 (3d Cir. 2003).  However, the Court may remand a social security matter for further proceedings if it appears either that lack of counsel prejudiced the claimant or that the administrative proceedings were marked by unfairness. See Vivaritas, 264 Fed.Appx. at 158 (citing Livingston v. Califano, 614 F.2d 342, 345 (3d Cir. 1980)).  The Court has thus examined the administrative record for evidence of prejudice or unfairness.

Allocation of the burden of proof informs that examination. "While a claimant represented by counsel is presumed to have made [her] best case before the ALJ, no such presumption attaches to an unrepresented claimant." Id. (quoting Skinner, 478 F.3d at 842). "Without the shifting of this burden, no sanction would exist for an ALJ's inadequate explanation of a claimant's rights." Id. (quoting Binion v. Shahala, 13 F.3d 243, 245 (7th Cir. 1994)). Here, because the ALJ did "not obtain a valid waiver of counsel, the burden is on the Commissioner to show [that] the ALJ adequately developed the record." Id. (quoting Skinner, 478 F.3d at 842).

Yakely argues that the ALJ: (1) erroneously determined that her insured status lapsed on December 30, 2007; (2) improperly

11

discredited or otherwise disregarded the opinion of her treating physician; and (3) improperly issued the Second ALJ Decision without securing the testimony of a vocational expert. (See id. at 6, 11-23; see also dkt. entry no. 12, Reply Br. at 2-5.) Insofar as Yakely argues that the ALJ should have solicited testimony from a vocational expert, the Commissioner has failed to carry its burden of proving that the ALJ adequately developed the record.

The ALJ concluded without the benefit of a vocational expert's testimony that "there were jobs that existed in significant numbers in the national economy that [Yakely] could have performed on a sustained and competitive basis at all times relevant to this decision". (Admin. R. at 22.) It appears that the ALJ reached this conclusion after consulting the Social Security "Grids", i.e., 20 C.F.R. Pt. 404, Subpart P, Appendix 2. (See id.) But an ALJ may not rely solely on the Grids when a claimant suffers from both severe exertional and non-exertional impairments. See Cartagena v. Comm'r of Soc. Sec., 29 Fed.Appx. 883, 885 (3d Cir. 2002); Sykes v. Apfel, 228 F.3d 259, 267 (3d Cir. 2000). Here, the ALJ concluded that Yakely suffered from both a severe exertional limitations (i.e., degenerative disc disease) a severe non-exertional limitation (i.e., bilateral carpal tunnel syndrome). (See Admin. R. at 20.) See Cartagena, 29 Fed.Appx. at 885 (carpal tunnel syndrome is a non-exertional limitation).

## IV.   CONCLUSION

The Court, for the reasons stated above, has concluded that (1) the ALJ failed to ensure that Yakely knowingly and intelligently waived her right to representation, and (2) Yakely was prejudiced in the administrative proceedings because she lacked such representation.  For good cause appearing, the Court will issue a separate order, remanding the matter to the Commissioner.

The Court anticipates that Yakely, who has appealed her case with the assistance of counsel, will be represented by an attorney on remand.  If she decides, however, to proceed on remand without counsel, "the ALJ should explain her right to have counsel and counsel's availability in full detail".  Vivaritas, 264 Fed.Appx. at 161.  "[A]nd if [she] insists on proceeding pro se, the ALJ should develop the record with respect to" all of the issues that Yakely has raised to this Court on appeal.  Id.


                                        s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Date:    March 13, 2013